■ In the Matter of ANNATINA MIESCHER, Respondent. HAIMIL REALTY CORP., Appellant. [733 NYS2d 397] —Judgment, Supreme Court, New York County (Kibbie Payne, J.), entered September 22, 2000, which granted petitioner's application for judicial dissolution of the respondent corporation pursuant to Business Corporation Law § 1104-a, and order, same court and Justice, entered on or about December 13, 2000, which, *inter alia*, granted petitioner's motion for appointment of a temporary receiver of the respondent corporation during the winding up of its affairs, unanimously affirmed, with costs.

Although the petition and order of reference to hear and report in this proceeding made reference only to Business Corporation Law § 1104 (a), the judgment properly granted dissolution of the respondent corporation (Haimil) pursuant to Business Corporation Law § 1104-a. It is clear from the transcript of the reference hearing that the Referee and the attorneys for both sides all then understood the case to be one for dissolution pursuant to section 1104-a (a) (1), based on alleged oppressive conduct, and the Referee's subsequent report, which the court confirmed, recommended dissolution pursuant to that statute. Haimil never objected to the application of section 1104-a, either at the Referee's hearing, in the post-hearing memorandum of law it submitted to the Referee, or in its opposition to the motion to confirm. By failing to raise a timely objection at the hearing to the Referee's stated intention to apply section 1104-a, and by thereafter actively litigating the case under that statute through entry of judgment, Haimil is deemed to have elected to proceed with the case as one brought under section 1104-a, and to have waived any previously existing right to insist on application of section 1104 alone (*cf., Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272).

We affirm the finding of the Referee, as confirmed by the Supreme Court, that the non-petitioning shareholder (Haimovich), who was in day-to-day control of Haimil's business, engaged in "oppressive actions" toward the complaining shareholder within the meaning of section 1104-a (a) (1). The record of the reference hearing supports the conclusion that

Haimovich unjustifiably failed for two years to cause Haimil to make payments on the mortgage encumbering the building it owns, its sole substantial asset, which ultimately resulted in the commencement of a foreclosure action, and that Haimovich further unjustifiably failed to cause Haimil to pay off tax liens on the building during the same period. Under the circumstances of this case, it could fairly be concluded that such a consistent pattern of corporate mismanagement defeated petitioner's reasonable expectations in connection with her investment to such an extent as to constitute oppression (*see, Matter of Kemp & Beatley*, 64 NY2d 63, 73).

Having failed to make an express election to purchase petitioner's shares at fair value pursuant to Business Corporation Law § 1118 at any point during the proceedings in Supreme Court, or to suggest any remedy as an alternative to liquidation, Haimovich, the non-petitioning shareholder, will not be heard to argue that the court erroneously failed to consider alternative remedies, or that the judgment fails to make dissolution subject to Haimovich's possible purchase of petitioner's shares. Since judgment was entered more than 90 days after the conclusion of the Referee's hearing, at which we deem Haimil to have elected to litigate the case under section 1104-a, Haimovich was not deprived of his right to elect to purchase petitioner's shares within 90 days after the filing of a petition under section 1104-a (*see*, Business Corporation Law § 1118 [a], [c] [1]). Concur—Sullivan, P. J., Nardelli, Tom, Saxe and Friedman, JJ.